IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MAXCARE, LLC, )<br>    )<br>    Plaintiff, )<br>    )<br>v.    )    Case No. CIV-24-415-SLP<br>    )<br>WELLDYNERX LLC, )<br>    )<br>    Defendant. ) | |

**O R D E R**

Before the Court is Defendant WellDyneRx's Motion to Dismiss [Doc. No. 7]. Plaintiff has filed a Response [Doc. No. 19] and Defendant filed a Reply [Doc. No. 20].[1] For the reasons that follow, Defendant's Motion is DENIED.

**I.    Background**[2]

This action arises out of an alleged failure by Defendant WelldyneRx, LLC to pay Plaintiff MaxCare, LLC for services provided in connection with the Centers for Medicare and Medicaid Services' Retiree Drug Subsidy program. See Compl. [Doc. No. 1] ¶¶ 6–7. Plaintiff alleges that, beginning in 2013, it provided Defendant with reporting and consulting services that allowed Defendant to obtain approximately $800,000 annually in subsidies under the program. *Id.* ¶¶ 6, 9.

---

[1] Citations to the parties' briefing submissions reference the Court's ECF pagination.

[2] The Court accepts all well pleaded factual allegations in the Complaint as true and views them in the light most favorable to Plaintiff as the nonmoving party. *See Farmer v. Kansas State Univ.*, 918 F.3d 1094, 1102 (10th Cir. 2019).

In 2013, 2014, and 2018,³ the parties executed written Letters of Agreement setting forth payment terms, including compensation at the rate of $2.99 per member per month and $75 per consulting hour under the 2018 agreement. *Id.* ¶¶ 10–11. Defendant attaches the letters to its Motion to Dismiss.⁴ Although no written agreements were executed in 2015, 2016, or after September 2018, Plaintiff continued providing services with the expectation of payment during those periods, and Defendant continued to accept and benefit from those services without indicating otherwise. *Id.* ¶¶ 12–16. Plaintiff contends that Defendant's conduct confirmed an ongoing agreement to pay at the rates set forth in the 2018 agreement. *Id.* ¶¶ 17–18.

In September 2022, Defendant's Vice President of Plan Solutions Management confirmed to Plaintiff that its reporting met Defendant's needs and affirmed that Plaintiff would continue billing at the $2.99 per-member rate. *Id.* ¶¶ 19–22. In 2023, Plaintiff discovered that "due to an accounting issue," it had not invoiced Defendant for any services

---

³ The Complaint states the parties executed Letters of Agreement in 2013, 2014, and September 2017. Compl. ¶¶ 10, 12. However, the parties' briefs attach and reference Letters of Agreement dated 2013, 2014, and September 2018. *See e.g.*, Letters Attached to Def.'s Mot. [Doc. No. 7-1], Pl.'s Resp. [Doc. No. 19] at 9. Neither party addresses this discrepancy. The Court assumes the 2017 contract referenced in the Complaint was intended to refer to the 2018 contract attached at Doc. 7-1. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1238 (10th Cir. 2014) ("If the contract contradicts a plaintiff's allegations, the contract's terms govern.").

⁴ "In addition to the complaint, [a] district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). And when a plaintiff's claim depends upon a contract, the defendant may attach the contract to the motion to dismiss, and the court may consider the contract part of the pleadings. *See Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013). Neither Defendant nor Plaintiff disputes the Letter Agreements attached to the Motion to Dismiss. Therefore, the Court will consider the Letter Agreements without converting the instant Motion into a motion for summary judgment.

since November 2015. *Id.* ¶ 23. In August 2023, Plaintiff issued an invoice for services performed between 2015 and 2023 in the amount of $615,836.08. *Id.* ¶ 24. Defendant has refused to pay. ¶¶ 26–27. Plaintiff now brings claims for account stated, breach of contract, unjust enrichment, and quantum meruit, seeking recovery of over $600,000.00 in damages.

## II. Standard of Review

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). While the complaint need not contain "detailed factual allegations," it must include "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to avoid dismissal. *Twombly*, 550 U.S. at 555. The Court accepts all well-pleaded allegations as true, views those allegations in the light most favorable to the non-moving party, and draws all reasonable inferences in the non-moving party's favor. *Brown v. City of Tulsa*, 124 F.4th 1251, 1263 (10th Cir. 2025).

## III. Discussion

"[T]here are three types of contracts: express, implied-in-fact, and implied-in-law." *Scarlett v. Air Methods Corp.*, 922 F.3d 1053, 1064 (10th Cir. 2019) (internal citations and quotations omitted). "An agreement implied in fact is founded upon a meeting of minds,

which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding." *Id.* "In order to state a claim for breach of an implied in fact contract, the complaint must allege facts concerning what promises were made to the plaintiff, how the promises were communicated, what the plaintiff promised in return, or how the promises created a contract." *Armijo v. Affilion, LLC*, 854 F. App'x 236, 240 (10th Cir. 2021).

"By contrast, an agreement implied in law is a fiction of law where a promise is imputed to perform a legal duty, as to repay money obtained by fraud or duress." *Scarlett v. Air Methods Corp.*, 922 F.3d 1053, 1064 (10th Cir. 2019). "Implied in law contracts, or quasi-contracts, are not based on the parties' express or implied intention to agree to the performances in question, but rather are obligations created by law for reasons of justice." *Armijo*, 854 F. App'x at 241 (internal quotations and citation omitted). "Claims brought under a quasi-contract are essentially the same as claims for quantum meruit or unjust enrichment." *Id.*

Similarly, under Oklahoma law, a contract can either be express or implied. *See* Okla. Stat. tit. 15, § 131.[5] Oklahoma courts distinguish between an "implied contract" which "involves an implication of fact in contrast with a quasi or constructive contract involving an implication of law." *Jones v. Univ. of Cent. Oklahoma*, 910 P.2d 987, 989 n.1 (Okla. 1995) (citing *Conkling's Est. v. Champlin*, 141 P.2d 569, 570 (Okla. 1943)); *see also T & S Inv. Co. v. Coury*, 593 P.2d 503, 504 (Okla. 1979) (explaining the difference

---

[5] Both parties rely on Oklahoma law, so the Court does the same. *See Union Standard Ins. Co. v. Hobbs Rental Corp.*, 566 F.3d 950, 952 (10th Cir. 2009).

between "implied-in-fact contracts" and "quasi contracts, which are commonly referred to as 'implied-in-law' or 'constructive' contracts"). In determining whether an implied contract exists, courts consider:

> (a) the parties' acts, conduct and statements as a whole, (b) whether there was a meeting of the minds on the agreement's essential elements, (c) the parties' intent to enter into a contract upon defined terms, and (d) whether one of the parties has relied in good faith upon the alleged contract.

*Dixon v. Bhuiyan*, 10 P.3d 888, 891 (Okla. 2000).

Courts also recognize equitable claims such as unjust enrichment and quantum meruit. Under Oklahoma law, "[u]njust enrichment is a condition which results from the failure of a party to make restitution in circumstances where not to do so is inequitable, i.e., the party has money in its hands that, in equity and good conscience, it should not be allowed to retain." *Okla. Dep't of Secs. ex rel. Faught v. Blair*, 231 P.3d 645, 658 (Okla. 2010). The Supreme Court of Oklahoma has described the elements of unjust enrichment as "(1) the unjust (2) retention of (3) a benefit received (4) at the expense of another." *Id.* There must be "enrichment to another, coupled with a resulting injustice." *City of Tulsa v. Bank of Oklahoma, N.A.*, 280 P.3d 314, 319 (Okla. 2011) (internal quotation marks and citation omitted).

Similarly, a quantum meruit claim is "grounded on a promise that the defendant would pay to the plaintiff [for his services] as much as he should deserve." *Martin v. Buckman*, 883 P.2d 185, 193–94 (Okla. Civ. App. 1994) (quotation and italics omitted); *Brown v. Wrightsman*, 51 P.2d 761, 763 (Okla. 1935) (explaining quantum meruit arises "[w]here a person performs services without a written contract" and "the law implies an

agreement to pay what is reasonable, meaning thereby what he reasonably deserves."). The Court addresses each claim in turn.

### A. Count I – Account Stated / Open Account

Plaintiff's first cause of action is titled "Count I – Account Stated." Compl. [Doc. No. 1] at 5. However, Plaintiff's Response states that this claim asserts a claim for "open account for services provided to [Defendant], although one heading refers to the account as an account stated." Resp. [Doc. No. 19] at 4, n.1. In its Reply, Defendant argues that this is an impermissible attempt by Plaintiff to amend its Complaint through its briefing. Reply [Doc. No. 20] at 3. While Defendant's point is well-taken, the Court ultimately disagrees.

First, the Court recognizes that the federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam). A mere mislabeling of a heading is not sufficient to merit dismissal of an otherwise viable claim at this stage. *See Northmarq Capital, L.L.C. v. Kabani*, 24-CV-00073-SH, 2024 WL 4467522, at *5 (N.D. Okla. Oct. 10, 2024) ("For now, the Court will not dismiss a breach of contract claim based merely on a header."); *see also* A. Benjamin Spencer, 5A Fed. Prac. & Proc. (Wright & Miller) § 1357 (4th ed.) ("the district court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible legal theory"); *Barrett v. Tallon*, 30 F.3d 1296, 1299 (10th Cir. 1994) (finding district court erred by failing to consider whether the complaint adequately pled a "garden variety" fraud claim). Here, the first substantive allegation under this claim reads: "From at least 2013 to

6

2023, MaxCare provided the above-described services to WellDyne ***pursuant to an open account***, that is, an account kept open in anticipation of future services." Compl. [Doc. No. 1] at ¶ 29 (emphasis added). A plain reading of the Complaint fairly puts Defendant and the Court on notice that Plaintiff asserts a claim for open account despite the mislabeled header.

Second, the "Federal Rules [of Civil Procedure] reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002) (quoting *Conley v. Gibson,* 355 U.S. 41, 48, *abrogated by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Even after the changes to the federal pleading standards and Federal Rules following *Twombly*, Rule 8 still contains a fundamental mandate: "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Further, Rule 8(d) notes that "[n]o technical form is required" in the pleading.

Lastly, Defendant implies, without directly stating, that Defendant is prejudiced by Plaintiff's argument for an "open account" rather than "account stated" because the Complaint does not adequately give Defendant notice of the claim against it. Reply [Doc. No. 20] at 3–4. Defendant, however, still presented arguments for dismissal of the "open account" claim, arguing Plaintiff cannot satisfy the elements of an open account claim because Plaintiff relies upon express contracts. *Id.* Thus, even setting aside the Court's earlier finding that Plaintiff adequately gave notice of the claim (¶ 29), the Court cannot discern any articulable prejudice against Defendant given that Defendant has still had an

7

opportunity to make its arguments for dismissal in its briefing. *Cf. Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) (explaining that in the context of new arguments presented in a reply brief, prejudice is remedied by allowing parties an opportunity to respond through a sur-reply). Additionally, if the claim should fail on the merits, Defendant may still raise additional motions to address those issues.

Turning to the substantive claim, the Court agrees that to the extent Plaintiff asserted a claim for "account stated," that claim is abandoned. *See* Mot. [Doc. No. 19] at 3, n.1. The Court, therefore, analyzes whether Plaintiff failed to state a claim for an open account. Under Oklahoma law, "three factors are required to establish an open account: (1) an account based upon running or concurrent dealings; (2) these dealings have not been closed, settled or stated; (3) some term of the contract remains to be settled between parties, or the agreement contemplates further transactions between the parties." *Selrahc v. Burruss*, 233 F. App'x 819, 824 (10th Cir. 2007) (unpublished) (citing *Off. of Governor-Dep't of Indus. Dev. v. Dalton*, 560 P.2d 971, 972 (Okla. 1977). "An express contract, which defines the duties and liabilities of the parties, whether it be oral or written, is not, as a rule, an open account." *Globe & Republic Ins. Co. of Am. v. Indep. Trucking Co.*, 387 P.2d 644, 647 (Okla. 1963).

Defendant is correct that Plaintiff may not recover under an open account theory for damages that it may recover based on the three express contracts between the parties. However, there is a factual dispute as to whether there was an express contract (oral or written) governing the years that Plaintiff provided services without a written agreement. Thus, taking all factual allegations as true and construing them in the light most favorable

to Plaintiff, the Court finds that Plaintiff has set forth sufficient factual allegations to state a claim for an open account. With respect to Plaintiff's claim for open account, Defendant's Motion is denied.

### B. Breach of Contract

Under Oklahoma law, the elements of a breach of contract cause of action are: (1) the formation of a contract; (2) breach of that contract; and (3) damages as a direct result of the breach. *See Dig. Design Grp., Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001). Having carefully reviewed Plaintiff's Complaint as well as the parties' submissions, and presuming all of Plaintiff's factual allegations are true and construing them in the light most favorable to Plaintiff, the Court finds that plaintiff has set forth sufficient factual allegations to state a breach of contract claim. Specifically, the Court finds that plaintiff has alleged sufficient facts showing the existence of a contract, a breach of that contract, and damages to plaintiff as a direct result of the breach.

Defendant argues Plaintiff's breach of contract claim is time-barred under Oklahoma's five-year limitations period for breach of a written contract. *See* Mot. [Doc. No. 7] at 8 (citing 12 Okla. Stat. tit. § 95(A)(1). In Oklahoma, "[a] statute-of-limitation issue ordinarily presents a mixed question of fact and law." *Sneed v. McDonnell Douglas*, 991 P.2d 1001, 1004 (Okla. 1999). With respect to pleadings, "[t]he bar of the statute of limitations is an affirmative defense," and the burden falls on defendant to prove a plaintiff's action is time-barred by the applicable statute of limitations. *Moneypenney v. Dawson*, 141 P.3d 549, 551 (Okla. 2006). Moreover, a motion to dismiss

"raising a limitation bar should not be granted . . . unless the face of the petition shows beyond doubt the action is time-barred under the applicable statute of limitations." *Id.*

Here, the parties disagree as to the applicability and accrual of any limitations period. Upon careful review, the record before the Court is insufficient to determine when Plaintiff's claims accrued and whether Plaintiff's claims are barred by Oklahoma statutes of limitations. The parties have not presented sufficient information on this subject for the Court to make a determination, and it is not appropriate for the Court to decide a motion under Fed. R. Civ. P. 12(b)(6) when the factual record is incomplete. *See Sonic Indus. LLC v. Halleran*, No. CIV-16-709-C, 2017 WL 239388, at *6 (W.D. Okla. Jan. 19, 2017) ("[Q]uestions of fact may not be decided on a motion to dismiss for failure to state a claim.") (quoting *Am. Home Assur. Co. v. Cessna Aircraft Co.*, 551 F.2d 804, 808 (10th Cir. 1977); *see also Keys Jet Ski, Inc. v. Kays*, 893 F.2d 1225, 1230 (11th Cir. 1990). The Court therefore finds that it is premature to decide this issue at this time. *See N. Am. Ins. Agency, Inc. v. Bates*, No. CIV-12-544-M, 2013 WL 6150781, at *9 (W.D. Okla. Nov. 22, 2013) (holding "resolution of the statute of limitations issue is not appropriate at the motion to dismiss stage" where "there are factual issues as to when the statute of limitations would have begun to run"). Similarly, Defendant's argument regarding whether Plaintiff was required to submit invoices and if so, whether the failure to do so excused Defendant's nonpayment is a factual argument more appropriate for summary judgment.[6]

---

[6] This ruling, however, does not preclude Defendant from proceeding with discovery on these issues nor from filing a motion, if appropriate, at the proper time.

Accordingly, the Court finds that Plaintiff's breach of contract cause of action should not be dismissed.

### C. Equitable Claims

Defendant's sole argument for dismissal of Plaintiff's quantum meruit and unjust enrichment claims centers on Plaintiff pleading a breach of contract claim and, therefore, Defendant argues Plaintiff has an adequate remedy at law. Mot. [Doc. No. 7] at 12–15. The Court disagrees.

While Defendant cites several federal Oklahoma opinions that dismissed equitable claims where the party also seeks relief pursuant to an alleged contract, [Doc. No. 7] at 14, those cases do not contain the same factual complexity at issue here regarding the number, type, and terms of the contract(s) at issue. Further, as several district courts have noted, "at the motion to dismiss stage, Oklahoma federal courts consistently decline to dismiss alternative theories and requests for relief." *ASI Constr., LLC v. City of Oklahoma City*, No. CIV-21-01138-JD, 2023 WL 4305131, at *4 (W.D. Okla. June 30, 2023) (quoting *Kunneman Props., LLC v. Marathon Oil Co.*, 17-CV-00456-GKF-JFJ, 2019 WL 4658362, at *8 (N.D. Okla. Sept. 24, 2019));[7] *see also* Fed. R. Civ. P. 8 (allowing a party to plead alternative theories of relief). While courts may dismiss equitable claims where it is "undisputed that an express contract governed the dispute," courts have "allowed such

---

[7] *See also Unifirst Holdings, Inc. v. Leeds W. Grp., LLC*, No. CIV-23-00554-JD, 2024 WL 4372156, at *4 (W.D. Okla. Oct. 1, 2024) (allowing equitable claims and breach of contract to proceed); *Nomac Drilling, LLC v. USEDC OKC, LLC*, No. CIV-14-0155-C, 2015 WL 13729649, at *1 (W.D. Okla. Dec. 17, 2015) (same); *Hitch Enterprises, Inc. v. Cimarex Energy Co.,* 859 F.Supp.2d 1249, 1258 (W.D. Okla. 2012) (same).

11

claims to be alternatively pled where the contract's validity or applicability is disputed." *Northmarq Capital, L.L.C. v. Kabani*, 24-CV-00073-SH, 2024 WL 4467522, at *9–10 (N.D. Okla. Oct. 10, 2024).

While Defendant contends it "does not dispute the validity of the 2015 and 2018 Agreements," Reply, [Doc. No. 20] at 11, it does dispute the validity and applicability of the alleged unwritten agreements pled by Plaintiff.  *See* Mot. [Doc. No. 7] at 9–10. Whether those unwritten agreements are extensions of the prior written contracts, wholly new contracts, or something else entirely, are issues to be determined through discovery. Thus, "[w]hile the resolution of the contract claim may ultimately make equitable relief inappropriate, it is premature to attempt to resolve that issue now at the pleading stage." *TPR Mid-Continent, LLC v. Monticello Invs., LLC*, No. CIV-20-0368-HE, 2020 WL 8339209, at *1 (W.D. Okla. Aug. 24, 2020).  Defendant's Motion with respect to Plaintiff's equitable claims is denied.

## IV.   Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. No. 7] is DENIED as set forth above.  Defendant must file an Answer to the Complaint within fourteen days of the date of this Order, or by September 4, 2025.

The parties are advised that, by separate order, the Court will set this matter for a status conference.

IT IS SO ORDERED this 21st day of August, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE